IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRUCE A. ESTES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00155 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD CLARKE, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**ORDER**

This matter is before the court on Estes' motions to amend and to consolidate and on the defendants' motion for summary judgment. Having considered the motions, the court will grant the motion to amend, deny the motions to consolidate, and dismiss the motion for summary judgment.

In his motion to amend, Estes specifies that his claims in the complaint are raised under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq*. ("RLUIPA"). Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within twenty-one days after service of a responsive pleading. Estes' motion to amend was filed seven days after the defendants filed their answer. Accordingly, Estes' motion to amend (Docket No. 39) is GRANTED.

In his motions to consolidate, Estes asks that this case be consolidated with four other cases raising the same or similar claims. The Fourth Circuit has held that a district court has "broad discretion under F[ederal] R[ule of] Civ[il] P[rocedure] 42(a) to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). In making this decision, the court should examine several factors, including "whether the specific risks of prejudice and possible confusion [are] overborne by the

risk of inconsistent adjudications of common factual and legal issues . . . ." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *rev'd en banc on other grounds*, 712 F.2d 899 (4th Cir. 1983). The court cannot make this determination until the record is more fully developed, so Estes' motions to consolidate (Docket Nos. 44 and 50) are DENIED without prejudice. The court may consider a renewed request to consolidate later.

In their motion for summary judgment, the defendants address Estes' claims under the First and Fourteenth Amendments but not RLUIPA. Because Estes' claims arise only under RLUIPA, the defendants' motion for summary judgment (Docket No. 45) is DISMISSED without prejudice. Pursuant to Standing Order No. 2013-6, the defendants shall FILE a motion for summary judgment within thirty days of the entry of this order, addressing Estes' RLUIPA claims.

The Clerk shall send a copy of this order to the parties.

It is so ORDERED.

Entered: October 14, 2015.

*Elizabeth K. Dillon*
United States District Judge