IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

BRUCE A. ESTES,

    Plaintiff,

v.                                  CIVIL ACTION NO. 7:15-cv-00155

VIRGINIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## ANSWER

Defendants Virginia Department of Corrections ("VDOC"), River North Correctional Center ("River North"), Harold W. Clarke, A. David Robinson, H. Ponton, John Walrath, Jessica King, and Brian Hall, by counsel, answer Plaintiff's Second Amended Complaint (ECF No. 73) as follows.

### FIRST DEFENSE

Defendants deny that the present action is cognizable under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.* and the Virginia Religious Freedom Restoration Act, Va. Code § 57-2.02.

### SECOND DEFENSE

Defendants deny that the Plaintiff has been denied any rights protected by the United States Code or the Code of Virginia.

### THIRD DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

Defendants deny that the Plaintiff has suffered any cognizable injuries or damages as a result of any act or acts on the part of Defendants and demand strict proof thereof.

## FIFTH DEFENSE

Defendants allege and aver that, to the extent the Plaintiff has suffered any injuries or damages, such injuries or damages were due to an act or acts by the Plaintiff, or on the part of others not under the control of Defendants, and for whose conduct they are in no way responsible.

## SIXTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and call for strict proof thereof.

## SEVENTH DEFENSE

Defendants deny that they are indebted to or liable to the Plaintiff in any sum whatsoever.

## EIGHTH DEFENSE

Defendants are immune from suit on this claim based upon the Eleventh Amendment and the discharge of their official duties.

## NINTH DEFENSE

Defendants are entitled to good faith or qualified immunity.

## TENTH DEFENSE

To the extent that this claim alleges negligence on the part of Defendants, the claim is barred in this Court by the Eleventh Amendment.

ELEVENTH DEFENSE

To the extent Plaintiff failed to claim any direct involvement on the part of Defendants in any of the acts or omissions complained of, such claim must fail since respondeat superior is not available in an action under 42 U.S.C § 1983.

TWELFTH DEFENSE

The Plaintiff failed to exhaust, either in whole or in part, his administrative remedies, as required by 42 U.S.C. § 1997e.

THIRTEENTH DEFENSE

The Second Amended Complaint is barred, either in whole or in part, by the applicable statute of limitations.

Concerning the allegations reflected in the numbered paragraphs of the Second Amended Complaint, Defendants state as follows:

1. The allegations state legal conclusions to which no response is required.

2. Defendants lack sufficient information and knowledge to admit or deny whether "Keeping kosher is a central tenet of Judaism observed by Mr. Estes." Defendants deny that VDOC and River North failed to provide Mr. Estes with kosher meals, that they have instituted a de facto ban, and that they have substantially burdened his religious exercise of keeping kosher.

3. Although Defendants lack sufficient information and knowledge to admit or deny whether VDOC and River North prohibit Plaintiff from praying in a Jewish prayer service and certain religious observances and refuse to recognize certain Jewish fast days, Defendants admit that the Shofar is not permitted for use. Defendants deny that they have imposed substantial burdens on these and other religious exercises that Mr. Estes engages in or wishes to engage in.

4. Deny.

5. Admit.

6. The allegations state legal conclusions to which no response is required.

7. Defendants deny that they have burdened Plaintiff's religious exercise or violated the law.

8. Defendants admit that Plaintiff has been a VDOC inmate since 2005 and has been incarcerated at River North since 2013. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. The allegation states a legal conclusion to which no response is required.

18. The allegation states a legal conclusion to which no response is required.

19. Defendants admit that VDOC, through its officers, agents, and employees, operate correctional facilities in the Western District of Virginia, including River North in which Plaintiff is incarcerated. The remaining allegation states a legal conclusion to which no response is required.

20. Defendants lack sufficient information and knowledge to admit or deny the allegations.

21. Admit.

22. Defendants lack sufficient information and knowledge to admit or deny the allegations.

23. Admit.

24. Defendants lack sufficient information and knowledge to admit or deny the allegations.

25. Admit.

26. Defendants lack sufficient information and knowledge to admit or deny the allegations.

27. Deny.

28. Deny.

29. Deny.

30. Defendants lack sufficient information and knowledge to admit or deny the allegations.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Defendants lack sufficient information and knowledge to admit or deny the allegation that "[VDOC] previously offered inmates kosher entrees, demonstrating that it can provide kosher food consistent with its compelling interests." Defendants lack sufficient information and knowledge to admit or deny whether "the Federal Bureau of Prisons and most state

department of corrections offer kosher meals while achieving interests that are indistinguishable from [VDOC's]." Defendants deny the remaining allegation.

36. Defendants lack sufficient information and knowledge to admit or deny the allegations.

37. Defendants admit the allegation in the first sentence. Defendants lack sufficient information and knowledge to admit or deny the remaining allegations.

38. Defendants lack sufficient information and knowledge to admit or deny the allegations.

39. Defendants deny that they have banned a separate Jewish prayer service. Upon information and belief, an Orthodox Jewish service is planned to begin in August 2016. Defendants deny the remaining allegations.

40. Defendants admit that during the open enrollment period for the 2nd Quarter of 2016, River North was informed that 14 offenders were interested in starting up an Orthodox Jewish service. VDOC's policies speak for themselves. Defendants deny that they refuse to permit Jewish prayer services.

41. Deny.

42. Defendants deny that they force Jewish inmates to pray together with the Messianics and Yawhists. Defendants lack sufficient information and knowledge to admit or deny whether Judaism is "different" from the Messianic and Yahwist faiths. VDOC's policies speak for themselves.

43. Defendants lack sufficient information and knowledge to admit or deny the allegations.

44. Defendants lack sufficient information and knowledge to admit or deny the allegations.

45. Defendants deny that they have banned Jewish inmates from holding religious study sessions and thus deny the allegations as stated.

46. Defendants deny that they have substantially burdened Plaintiff or refused to permit Jewish prayer services and religious study sessions. VDOC's policy speaks for itself.

47. Deny.

48. Defendants lack sufficient information and knowledge to admit or deny the allegations.

49. Defendants lack sufficient information and knowledge to admit or deny the allegations but admit that use of a Shofar is not permitted.

50. Defendants lack sufficient information and knowledge to admit or deny the allegations.

51. Deny.

52. Deny.

53. Defendants lack sufficient information and knowledge to admit or deny the allegations.

54. Upon information and belief, the religious fast days identified in paragraph 54 were disapproved by VDOC on or about March 24, 2016.

55. Defendants lack sufficient information and knowledge to admit or deny the allegations.

56. Defendants lack sufficient information and knowledge to admit or deny the allegations.

57. Upon information and belief, inmates on the Common Fare plan are required to take at least seventy-five percent of the common fare meals served per month, but Plaintiff does not risk suspension or removal from the common fare meal plan if he does not eat the food on the trays that he takes. Defendants deny the remaining allegations.

58. Defendants admit that VDOC and River North accommodate the Jewish fast day of Yom Kippur and the Islamic fast period of Ramadan. Defendants deny the remaining allegations.

59. Defendants incorporate by reference their answers set forth in Paragraphs 1-58 as if fully set forth herein.

60. Deny.

61. Defendants admit that the use of the Shofar is not permitted but deny the remaining allegations.

62. Deny.

63. Deny.

64. Defendants incorporate by reference their answers set forth in Paragraphs 1-63 as if fully set forth herein.

65. Deny.

66. Defendants admit that the use of the Shofar is not permitted but deny the remaining allegations.

67. Deny.

68. Deny.

69. Defendants deny that Plaintiff is entitled to the relief requested.

70. Defendants deny any and all allegations not specifically admitted herein.

Defendants will rely on any and all other properly available defenses to the Second Amended Complaint which may arise from the Plaintiff's prosecution of this action and reserve the right to amend this Answer if at any time they should be so advised.

Respectfully submitted,

VIRGINIA DEPARTMENT OF CORRECTIONS, RIVER NORTH CORRECTIONAL CENTER, HAROLD W. CLARKE, A. DAVID ROBINSON, H. PONTON, JOHN WALRATH, JESSICA KING, and BRIAN HALL

By: s/ J. Michael Parsons
J. Michael Parsons, AAG II, VSB #68520
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Phone: (804) 786-0046
Fax: (804) 786-4239
E-mail: jparsons@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August, 2016, I electronically filed the foregoing Answer using the CM/ECF system which will send notification of such filing to the following:

Joel Charles Haims, Esquire
Justin David Mayer, Esquire
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019-9601
212-468-8000
Fax: 212-468-7900
Email: jhaims@mofo.com
Email: jmayer@mofo.com

John Alexander Trocki, III, Esquire
Morrison & Foerster LLP
1650 Tyons Blvd., Suite 400

McLean, VA 22102
703-760-7712
Fax: 703-760-7777
Email: jtrocki@mofo.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: N/A

          s/ J. Michael Parsons
          J. Michael Parsons, AAG II, VSB #68520
          Office of the Attorney General
          Criminal Justice & Public Safety Division
          202 North 9th Street
          Richmond, Virginia 23219
          Phone: (804) 786-0046
          Fax: (804) 786-4239
          E-mail: jparsons@oag.state.va.us